UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENT BELL,<br><br>   Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>   Respondents. | Civil Action No. 25-0904 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1.  *Pro se* Petitioner Kent Bell, a convicted and sentenced state prisoner confined in Maryland Correctional Training Center in Hagerstown, Maryland, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Bergen County, New Jersey conviction ("Petition"). (ECF No. 1). He also submitted an *in forma pauperis* application. (ECF No. 1-1).

2.  This Court has reviewed Petitioner's *in forma pauperis* application and finds that he meets the criteria. Therefore, Petitioner's application will be granted.[1]

3.  Pursuant to Habeas Rule 4, a judge assigned to a § 2254 petition "must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4.

4.  Habeas Rule 2 provides in relevant part that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(1)-(2).

---

[1] Petitioner also paid the filing fee associated with this petition, receipt number NEW51435. Petitioner's application is not moot, despite his payment of the filing fee, because *pro se* prisoners who are financially eligible may seek appointment of *pro bono* counsel under 18 U.S.C. § 3006A.

1

5. "Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks omitted). "Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Id.* "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243).

6. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, *see United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, *see United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

7. Ground One is legally insufficient on its face. Petitioner does not separate out his claims for relief; instead, he has four points listed in the "Supporting Facts" heading under Ground One. (ECF No. 1 at 6). The points are difficult to read, and this Court will not speculate what claims Petitioner intended to assert. Additionally, Petitioner did not include any facts to support the listed points in violation of Habeas Rule 2.

8. Ground Two is likewise difficult to read, but it seems that Petitioner is alleging that the trial court did not permit him to bring out at trial that the victim allegedly told the arresting officer that she did not remember if Petitioner touched her over her underwear or inside her

underwear. (*Id.* at 8). He also states that his appellate attorney failed to raise the issue on appeal. (*Id.*)

9. "[I]t is not incumbent on the Court to search through Petitioner's various filings in order to determine what arguments he wishes the Court to review. The Habeas rules require Petitioner to clearly state his arguments to the Court in the manner set forth on the Clerk's form." *Avila v. Att'y Gen. of New Jersey*, No. 18-cv-9422, 2023 WL 2678890, at *6 (D.N.J. Mar. 29, 2023) (internal quotation marks omitted), *reconsideration denied*, No. 18-cv-9422, 2023 WL 8253437 (D.N.J. Nov. 29, 2023).

10. Petitioner will be ordered to submit an amended petition that is legibly written or typed on the Clerk's form.

11. Petitioner must fill out the form with all the claims he wishes this Court to consider. Each claim is to be listed out individually along with its supporting facts. If a claim is not on the new form, this Court will not consider it.

12. If Petitioner does not submit an amended petition within the time set by this Court, Ground One will be summarily dismissed, and this Court will direct Respondent to only answer Ground Two.

13. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 7, 2025