**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KENT BELL,** | **Civil Action No. 25-0904 (SDW)** |
| **Petitioner,** | |
| v. | **OPINION** |
| **WARDEN, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

Petitioner Kent Bell filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Amended Petition"). (ECF No. 4). Presently before this Court is the motion to dismiss the Amended Petition ("Motion") filed by Respondents. (ECF No. 8). Petitioner opposes the Motion. (ECF No. 9). This Court will determine the Motion on the briefs pursuant to Federal Rule of Civil Procedure 78(b).

For the reasons that follow, this Court will provisionally grant the Motion but retain jurisdiction for 30 days to permit Petitioner to submit equitable tolling arguments.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(l); and third degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and received an aggregate term of 16-years imprisonment with an eight-year period of parole ineligibility. *State v. K.M.B.*, No. A-5387-11T2, 2014 WL 7150697, at \*1 (N.J. Super. Ct. App. Div. Dec. 17, 2014) ("*Bell I*"). On appeal, the New Jersey Superior Court Appellate Division ("Appellate Division") found that

1

the trial court improperly denied Petitioner's request to proceed *pro se* and remanded for a new trial. *Id.* at *4.

Petitioner was convicted of first-degree aggravated sexual assault and third degree endangering the welfare of a child at his second trial. (ECF No. 8-2 at 21). On September 30, 2016, he received a 16-year custodial sentence to be served consecutively with a sentence from Maryland. (*Id.*) The Appellate Division affirmed the convictions but remanded for correction of the judgment of conviction. *State v. K.M.B.*, No. A-1318-16T4, 2020 WL 1950507 (N.J. Super. Ct. App. Div. Apr. 23, 2020) ("*Bell II*"). The trial court issued an amended judgment of conviction on April 23, 2020. (ECF No. 8-2 at 57). The New Jersey Supreme Court denied certification on September 25, 2020. *State v. K.M.B.*, 244 N.J. 233 (2020).

Petitioner filed a post-conviction relief ("PCR") petition on July 7, 2020. (ECF No. 8-2 at 60). The PCR court denied the petition on August 22, 2022. (ECF No. 8-4). Petitioner filed a notice of appeal on December 8, 2022 along with a motion to file as within time. (ECF Nos. 8-6, 8-7). The Appellate Division granted the motion on December 22, 2022. (ECF No. 8-8). Petitioner's initial brief was rejected by the Appellate Division on August 4, 2023, and his revised brief was rejected on October 3, 2023. (ECF No. 8-13 at 1). Petitioner was warned that his appeal would be reviewed for dismissal if he did not submit a brief and appendix by January 5, 2024. (*Id.* at 2). When Petitioner failed to comply, the Appellate Division dismissed his appeal for failure to file a timely brief on March 7, 2024. (ECF No. 8-14). Petitioner did not file for certification with the New Jersey Supreme Court.

Petitioner filed his original § 2254 petition on January 17, 2025. (ECF No. 1). This Court reviewed the petition pursuant to Habeas Rule 4 and concluded that Petitioner did not comply with Habeas Rule 2's pleading requirements. (ECF No. 2). It ordered Petitioner to submit an amended

petition. (ECF No. 3). Petitioner filed the Amended Petition on April 22, 2025, (ECF No. 4), and Respondents were ordered to answer on May 1, 2025, (ECF No. 5). Respondents filed their Motion on June 9, 2025. (ECF No. 8).

## II.  STANDARD OF REVIEW

A federal court may entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to § 2254. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is

3

'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

## III.    DISCUSSION

The New Jersey Supreme Court denied certification in Petitioner's direct appeal on September 25, 2020. *State v. K.M.B.*, 244 N.J. 233 (2020). He then had 90 days, until December 24, 2020, to request review from the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes final ... when the time for pursuing direct review in this Court, or in state court, expires"). However, Petitioner had already filed his PCR petition on July 7, 2020, (ECF No. 8-2 at 60), so the AEDPA clock did not start to run because Petitioner had a properly filed PCR petition pending before the state courts. 28 U.S.C. § 2244(d)(2).

The PCR court denied the petition on August 22, 2022. (ECF No. 8-4). Under New Jersey law, Petitioner had 45 days to file an appeal. N.J. Ct. R. 2:4-1(a). His PCR petition remained "pending" during this time, *i.e.*, until October 6, 2022. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). The PCR petition ceased to be "pending" once that time expired. "Section 2244(d)(2)'s 'pending' requirement looks forward, not backward. This sensible construction of the statute comports with the fact that, at the expiration of time in which to file a timely PCR appeal, a petitioner's PCR proceedings have concluded." *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir. 2022). Therefore, Petitioner's AEDPA clock started to run on October 7, 2022 and continued until he filed his notice of appeal on December 8, 2022, a period

4

of 62 days.[1]  *See id.* ("[F]rom the expiration of time in which to file a timely appeal and the state court's acceptance of the belated appeal, there is no PCR petition for the state court system to consider.")  This left 303 days in AEDPA's one-year statute of limitations.

Respondents argue that Petitioner is not "entitled to statutory tolling from August 22, 2023 (the day after defendant's appellate brief was due) until March 7, 2024 (the day defendant's appeal was sua sponte dismissed)." (ECF No. 8-15 at 16).  They argue that this time should count towards the one-year limitations period because Petitioner's appeal was not "properly filed" due to his failure to file a brief with the Appellate Division.  (*Id.* at 14 (citing 28 U.S.C. § 2244(d)(2))).

"[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original) (footnote omitted).  New Jersey requires appellants to file their brief and appendix in the Appellate Division within 45 days of receiving transcripts.  N.J. Ct. R. 2:6-11(a).  However, the Appellate Division issued a separate scheduling order and permitted Petitioner to file his brief by August 21, 2023.  (ECF No. 8-11).

Petitioner's failure to submit a compliant brief by August 21, 2023 means that there was no "properly filed" appeal pending before the Appellate Division between August 21, 2023 and March 7, 2024.  *Cf. Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir. 2022) (excluding the time between the last day to file a timely appeal and the day the Appellate Division accepted the late appeal from § 2244(d)(2)'s tolling provision).  This would prevent the statutory

---

[1] Respondents assert this time period was 76 days, (*see* ECF No. 8-15 at 13), but this Court calculates it to be only 62 days.

tolling of that time, but this Court concludes that the time between August 21, 2023 and January 5, 2024 should be equitably tolled because Petitioner received extensions to submit a brief and did make attempts to comply with the Appellate Division's order.  (*See* ECF No. 8-13 at 1).  However, this Court will not equitably toll the time between January 6, 2024 and March 7, 2024 as there is no suggestion that he attempted to comply with the final deadline set by the Appellate Division.[2] This period of 61 days counts towards his one year, leaving 242 days remaining in the statute of limitations as of March 6, 2024.[3]  After the Appellate Division dismissed his appeal, Petitioner had 20 days—until March 27, 2024—to file a timely appeal with the New Jersey Supreme Court, N.J. Ct. R. 2:12-3(a).  The statute of limitations began to run again on March 28, 2024 and expired on November 25, 2024, well before the original petition was filed on January 17, 2025. Accordingly, the Amended Petition and must be dismissed unless equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, ... but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'"  *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

---

[2] Petitioner may provide facts in support of equitably tolling this time in his submission.

[3] This Court does not count March 7, 2024 towards the one year as it the day the Appellate Division dismissed the appeal, beginning the statutorily-tolled 20-day period in which Petitioner could have filed an appeal with the New Jersey Supreme Court.

The parties have not addressed whether Petitioner may be entitled to equitable tolling. Therefore, this Court will provisionally grant the motion to dismiss but retain jurisdiction for 30 days as it cannot rule out the possibility that Petitioner might have valid grounds for equitable tolling.  Within that timeframe, Petitioner may submit a written statement setting forth detailed tolling arguments.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).  Upon submission of Petitioner's arguments within the 30-day timeframe, this Court will reopen the petition for consideration.  *See Daley v. State of New Jersey*, No. 16-cv-0023, 2016 WL 2990631, at *4 (D.N.J. May 24, 2016) (citing cases).  In the event Petitioner does not submit equitable tolling arguments in 30 days, this Court will enter a final order of dismissal.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  This Court reserves its decision on a certificate of appealability as it is granting Petitioner a limited amount of time to submit equitable tolling arguments.

## IV.  CONCLUSION

For the reasons stated above, this Court will provisionally grant the motion to dismiss.  This Court will retain jurisdiction for 30 days in order to give Petitioner time to submit his equitable tolling arguments.  An appropriate order follows.

Date: _____ May 18 , 2026

Hon. Susan D. Wigenton
United States District Judge

7