**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KENT BELL,** | **Civil Action No. 25-0904 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

Petitioner Kent Bell filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Amended Petition").  (ECF No. 4).  On May 18, 2026, this Court provisionally granted Respondents' motion to dismiss ("Motion") after concluding the Amended Petition was time-barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (ECF No. 11).  Petitioner was given 30 days to submit arguments in favor of equitable tolling.  (*Id.*).  This Court has now received Petitioner's equitable tolling arguments.  (ECF No. 12).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  To satisfy the diligence prong of the equitable tolling analysis, "a petitioner must demonstrate that he has been pursuing his rights with 'reasonable diligence in the circumstances.'"  *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 273 (3d Cir. 2022) (quoting *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005)).  In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe

1

of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original). "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

Petitioner has not satisfied this standard. His submission does not provide any explanation for his late filing; instead, it makes arguments on the merits of the Amended Petition. (*See, e.g.,* ECF No. 12 at 1 ("The so-called victim told boyfriend, mother, & police, [Petitioner] was sexually abusing her in Maryland, not New Jersey."); 2 (asserting the trial court "dismissed my indictment due to prosecutorial misconduct which there is a case law thats [sic] states a defendant can't be tried again if the original case was dismissed due to prosecutorial misconduct!"); 5 (asserting trial court limited petitioner's ability to cross-examine the victim)). These arguments challenge the validity of Petitioner's criminal trial; they do not address why this Court should excuse his late habeas petition.

This Court has previously held that Petitioner's habeas petition was time-barred by AEDPA, and it now finds that he is not entitled to equitable tolling. Therefore, the Amended Petition will be dismissed with prejudice.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Amended Petition as untimely is correct. An appropriate order follows.

Date:_____June 22___, 2026

Hon. Susan D. Wigenton
United States District Judge

3